JUDENE S. (ARNETTE) COLEMAN v. FRANCIS D. ARNETTE

No. 8029DC79

(Filed 16 September 1980)

**Rules of Civil Procedure § 60— motion to amend not motion for relief from judgment – motion to amend improperly allowed**

　　Defendant's motion to amend the parties' divorce judgment to permit him to claim the two children of the parties as dependents on his state and federal tax returns was not properly made pursuant to G.S. 1A-1, Rule 60(b)(6) since that rule permits motions for relief from judgments, and defendant sought to amend the judgment rather than to be relieved of the judgment.

APPEAL by plaintiff from *Guice, Judge.* Order entered 21 August 1979 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 26 August 1980, at Waynesville, North Carolina.

On 13 June 1974 a judgment was entered granting the parties an absolute divorce. No issues of support payments, custody of children, or visitation were raised on the pleadings as the parties had already entered into a separation agreement concerning these matters. The divorce judgment contained the following:

　　It is further ordered that support payments to be made by the defendant, the defendant's visitation privileges and plaintiff's custody of the said minor children be in accordance with the Separation Agreement entered into by the parties hereto.

A separation agreement dated 22 January 1973 and executed by the plaintiff and defendant is included in the record as an exhibit. This agreement does not contain any provision deciding who shall be entitled to claim the two minor children of

plaintiff and defendant as dependents on state and federal income tax returns.

On 6 April 1978, defendant filed a motion in the divorce proceeding requesting that he be permitted to claim the two children of the marriage as dependents on his state and federal income tax returns. Defendant alleges it was agreed by plaintiff and defendant that so long as he paid $190 per month as support for the children he would be entitled to claim the children as dependents, although this was not included in the written agreement.

Plaintiff filed answer to defendant's motion and denied any agreement with respect to who can claim the children as dependents for tax purposes. Plaintiff also moved to dismiss defendant's motion as failing to state a claim upon which relief can be granted.

After hearing, the trial court denied plaintiff's motion to dismiss, and entered an order finding facts and concluding that defendant's motion was made pursuant to N.C.G.S. 1A-1, Rule 60(b)(6), and should be allowed. He ordered the divorce judgment dated 13 June 1974 and the separation agreement dated 22 January 1973 amended to include that defendant be allowed to claim the two children of the parties as dependents upon his state and federal tax returns for 1975 and thereafter. Plaintiff appeals.

*Riddle, Shackelford & Hyler, by John E. Shackelford, for plaintiff appellant.*

*Ramsey, White & Cilley, by William R. White, for defendant appellee.*

MARTIN (Harry C.), Judge.

This appeal was filed 153 days after notice of appeal was entered, violating Rule 12(a), North Carolina Rules of Appellate Procedure, and subjecting it to dismissal. In order to prevent manifest injustice, the Court in its discretion treats the appeal as a petition for review by certiorari and allows the petition.

Coleman v. Arnette

Counsel for defendant and the trial court have misconceived the purposes of Rule 60(b)(6), N.C.R. Civ. Proc. Defendant seeks to *amend* the divorce judgment, *not* to be *relieved* of the judgment. N.C.G.S. 1A-1, Rule 59(e), governs amendments to judgments and requires that motions to alter or amend judgments be made within ten days after entry of the judgment. Defendant's motion to amend was not timely made.

Rule 60(a), N.C.R. Civ. Proc., permits correction of clerical mistakes in judgments. Rule 60(b) permits motions for relief from judgments for five specific reasons and for "[a]ny other reason justifying relief from the operation of the judgment." The judgment defendant seeks to amend does not control which party is entitled to claim the children as dependents for tax purposes. Defendant cannot achieve the result he desires by a motion under Rule 60(b)(6) to be relieved of the effect of the judgment.

We note that the order entered by the district court does not prohibit plaintiff from claiming the children as dependents for tax purposes; it merely allows defendant to do so. In any event, the determination of which parent is entitled to a dependency deduction in a given year is controlled by special rules of the Internal Revenue Code, I.R.C. § 152(e), and the North Carolina income tax law, N.C.G.S. 105-149(a)(5).

Defendant's motion is to amend the judgment. By the very words of the court's order, "be and the same are hereby amended," the district court attempted to amend the divorce judgment. The motion was not properly made pursuant to Rule 60(b)(6) and the court erred in so considering it. As a motion to amend, it comes too late. Plaintiff's motion to dismiss should have been allowed.

The order of 21 August 1979 is reversed, and this cause is remanded to the district court for the entry of an order dismissing defendant's motion of 6 April 1978.

Reversed and remanded.

Chief Judge MORRIS and Judge CLARK concur.