■ FRANKLIN S. BONEM, Respondent, v JULIE GARRIOTT, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered June 22, 1988, which denied defendant's motion to vacate the financial provisions of the parties' May 1986 separation agreement, is unanimously affirmed, without costs.

The parties were married in 1983. Plaintiff husband was a partner at a large law firm. While he earned a good living, he had substantial outstanding financial liabilities. Defendant wife had given up her full-time editor's job in 1977 to work part time in her apartment. Her earnings were small and she did not contribute significantly to the financial support of the marriage. The parties separated in 1986. There are no children of the marriage. After substantial negotiations a separation agreement was entered into. While plaintiff repeatedly advised defendant that she should seek the aid of an attorney, and, in fact, offered to pay for an attorney to review the separation agreement for her, defendant insisted that she did not need an attorney and chose to negotiate the agreement herself.

The separation agreement which was executed on May 28, 1986 provided, *inter alia,* that defendant would get everything in the apartment; plaintiff was to be responsible for all outstanding debts; plaintiff would provide defendant with full medical and hospital coverage for almost five years, $75,000 in life insurance and $1,200 to $1,300 per month in maintenance for almost three years. The maintenance amounted to the sum of monthly rent due on the marital apartment. Defendant thus had the option to stay in the apartment and seek full-time work to cover her other expenses or find a less expensive apartment. Notably, in the agreement, both parties acknowledged that they understood all the provisions in the agreement, that the agreement was fair and that it was "not the result of any fraud, duress, coercion, pressure or undue influence". All of the other evidence supports that conclusion.

On June 5, 1987, plaintiff commenced an action for divorce based on living apart pursuant to the agreement. Defendant, for the first time, indicated that she wanted to renegotiate the separation agreement. Plaintiff refused and moved for summary judgment. The court granted the divorce on consent and

defendant moved to vacate the financial provisions of the separation agreement alleging that it was the result of coercion and overreaching by plaintiff. The court denied the motion.

Defendant points to nothing that plaintiff misstated or concealed from her concerning his income, assets, or anything else. Defendant, an intelligent woman, in a three-year childless marriage, affirmatively chose to personally negotiate the terms of the separation agreement without the aid of an attorney. *(See, Groper v Groper,* 132 AD2d 492, 497.) Through a series of informed correspondence, the parties mutually assented to a separation agreement. Indeed, the record indicates that the agreement is fair. (Domestic Relations Law § 236 [B] [3]; *see, Christian v Christian,* 42 NY2d 63.) There is nothing herein to indicate any duress, coercion or overreaching by plaintiff. Moreover, defendant acquiesced in the agreement for more than a year and took no steps to undo the agreement until plaintiff moved for divorce. *(See, Barry v Barry,* 100 AD2d 920.) Under these circumstances, it was proper for Justice Wilk to deny defendant's motion to vacate the financial provisions of the separation agreement.

Finally, defendant's asserted future financial difficulties when the maintenance payments cease were not unforeseen when the separation agreement was negotiated *(Ardito v Ardito,* 97 AD2d 830) and there was no showing of "extreme hardship" entitling defendant to relief. (Domestic Relations Law § 236 [B] [9].) Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.