■ GARY D. NEWMAN, Appellant, v KATHRYN J. NEWMAN, Respondent. [670 NYS2d 131] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting defendant's motion for a share of plaintiff's disability benefits from the Department of Veteran's Affairs (VA), and in directing that those benefits are subject to a Qualified Domestic Relations Order (QDRO) entered at the time of the parties' divorce. Pursuant to the divorce decree, defendant is entitled to share in plaintiff's pension at retirement. The QDRO identifies that pension as plaintiff's United States Air Force pension. The VA disability benefits of plaintiff are separate and distinct from his Air Force pension and, although as a military retiree he may receive such benefits only to the extent that he waives a corresponding amount of his military retirement pay (38 USC § 5305), his VA disability benefits are not subject to equitable distribution (*see, Mansell v Mansell*, 490 US 581, 584, n 2; 10 USC § 1408). Furthermore, because VA disability benefits are based solely upon a "disability resulting from personal injury suffered or disease contracted in the line of duty" (38 USC § 1131) and do not represent deferred compensation (*see,* 38 USC §§ 1114, 1134), such benefits are separate property (*see, Dolan v Dolan*, 78 NY2d 463). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Equitable Distribution.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.