■ DELLA D. HOSKINS, Respondent, v PAUL J. SKOJEC, Appellant. [696 NYS2d 303] —Graffeo, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 2, 1998 in Broome County, which granted plaintiff's motion for summary judgment.

The parties, who were married in 1953 and have six children, entered into a separation agreement in October 1992 which addressed, *inter alia*, the equitable distribution of their marital assets and defendant's spousal maintenance obligation. Pursuant to the agreement, defendant's monthly maintenance payment was calculated as one half of the net difference between the parties' respective incomes, taking into consideration sources of income specified in the agreement. The parties further provided for adjustments in the maintenance payments based on increases or decreases in the income streams, except that at no time would "the [h]usband's payment be less than one-half ($^{1}/_{2}$) of the government pension". In addition to his salary from employment, the formula set forth in the agreement encompassed defendant's government sources of income, including his US Air Force pension and Veteran's Administration disability compensation. Defendant retired from his job within a year of the agreement, so his spousal maintenance payments thereafter were derived from his Air Force pension and veteran's disability benefits.

The separation agreement was incorporated into, but not merged with, the judgment of divorce granted in December 1993. Although defendant abided by the terms of the agreement for more than four years, he ceased making maintenance payments in April 1998. Plaintiff commenced this breach of contract action and, after joinder of issue, moved for summary judgment seeking defendant's compliance with the agreement, unpaid maintenance and counsel fees. Supreme Court granted plaintiff's motion and this appeal ensued.

Defendant contends that the maintenance provision in the

separation agreement is void because the Federal Uniformed Services Former Spouses' Protection Act of 1982 (10 USC § 1408) prohibits a State court in an action for separation or divorce from awarding division of a veteran's disability benefits as spousal maintenance.

Initially, it is well established that a separation agreement incorporated into but not merged with a divorce decree remains a separate and enforceable contract between the parties (*see, Merl v Merl*, 67 NY2d 359, 362; *Hewlett v Hewlett*, 243 AD2d 964, 965-966, *lv dismissed* 91 NY2d 887). Here, the record reveals that the parties freely entered into the separation agreement, each with the benefit of counsel, and its terms were complied with by both parties for more than four years. Furthermore, by accepting the benefits of the agreement and performing his obligations for years, defendant is deemed to have ratified the terms of the agreement (*see, Beutel v Beutel*, 55 NY2d 957, 958; *Lavelle v Lavelle*, 187 AD2d 912, 913; *Bonem v Garriott*, 159 AD2d 206, 207).

We acknowledge that a court in an action for divorce or separation cannot order as spousal maintenance the allocation of compensation received by a veteran derived from military pay waived in order for the retiree to receive veterans' disability benefits.* However, parties are free to contractually determine the division of these benefits and a court may order a party to pay such moneys to give effect to such an agreement (*see, e.g., Matter of Stone*, 274 Mont 331, 908 P2d 670; *Dexter v Dexter*, 105 Md App 678, 661 A2d 171, *cert denied* 341 Md 27, 668 A2d 36; *Hisgen v Hisgen*, 1996 SD 122, 554 NW2d 494). The Federal statute at issue does not restrict a recipient of disability benefits from entering into a contract with a spouse regarding the dispersion of benefits received. Therefore, the parties in this case who voluntarily agreed to an allocation of defendant's disability compensation shall be obligated to abide by its terms.

---

* The Uniformed Services Former Spouses' Protection Act of 1982 (10 USC § 1408) was intended to allow State courts to distribute military nondisability retirement pay pursuant to State law in matrimonial actions (*see, Allen v Allen*, 484 So 2d 269 [La Ct of Appeal], *cert denied* 488 So 2d 199 [La Sup Ct], *cert denied* 479 US 850). In an action for separation or divorce, the Act authorizes State courts to allocate as marital or community property a veteran's " 'disposable retired pay' ", which is defined as the total monthly retired pay less any amounts waived to enable the retiree to receive veterans' disability benefits (10 USC § 1408 [a] [4] [B]). Hence, Federal law preempts the authority of State courts to consider veterans' disability benefits as property divisible upon termination of a marriage (*see, Mansell v Mansell*, 490 US 581, 591; *see also, Newman v Newman*, 248 AD2d 990).

Additionally, we reject defendant's unsupported allegation that questions of fact exist with regard to whether plaintiff breached the contract by terminating her employment in 1994 prior to retirement age. The record discloses that plaintiff left one job for another and defendant has offered no evidence refuting this assertion. Defendant's remaining contentions were not timely raised before Supreme Court, but were we to consider the fraud and duress or unconscionability assertions we would also find them unsubstantiated. As there are no issues of fact, we conclude that Supreme Court's determination should not be disturbed.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.