DAVID W. WHITE, Plaintiff v. KATHY H. WHITE, Defendant

No. COA01-1105

(Filed 3 September 2002)

## 1. Civil Procedure— Rule 60 motion—improper for seeking amendment or modification instead of relief

The trial court did not err in an equitable distribution case by denying defendant former wife's motion under N.C.G.S. § 1A-1, Rule 60 requesting a modification or an amendment of a 1998

qualifying order, because defendant did not seek to be relieved of the judgment.

## 2. Divorce— equitable distribution—military retirement pension

The trial court erred in an equitable distribution case by denying defendant former wife's motion in the cause requesting the trial court to enter a modified or amended qualifying order increasing defendant's percentage of plaintiff former husband's retired military pay for as long as the pension remains reduced due to plaintiff's subsequent election of a disability payment that waived a portion of his retirement pay because: (1) although the trial court thought it was without authority to address the issues raised by defendant, defendant was not seeking to have the trial court treat plaintiff's disability benefits as divisible marital property but instead sought a modification or amendment of the 1998 qualifying order providing that defendant is entitled to an increased percentage of plaintiff's retirement pay; (2) the federal Uniformed Services Former Spouses' Protection Act expressly contemplates that orders from state courts requesting direct payment to former spouses may be modified if they are from the same state as the original order; and (3) the 1998 qualifying order itself expressly provides that it shall remain in effect until further order of the court.

Judge WYNN dissenting.

Appeal by defendant from orders entered 21 March 2001 and 10 April 2001 by Judge J. H. Corpening, II in New Hanover County District Court. Heard in the Court of Appeals 5 June 2002.

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for plaintiff-appellee.*

*Lea, Clyburn & Rhine, by James W. Lea, III and Lori W. Rosbrugh, for defendant-appellant.*

HUNTER, Judge.

Kathy H. White ("defendant") appeals the trial court's orders denying two motions in which defendant sought modification of an Amended Qualifying Order entered in 1998 by the trial court. The 1998 Qualifying Order had directed the Uniformed Services Retirement System to make payments directly to defendant from the retirement benefits of her former husband, David W. White ("plain-

tiff"), in accordance with an equitable distribution "Consent Order" entered in 1990 distributing the marital property of defendant and plaintiff. The trial court denied defendant's motions. We reverse as to defendant's Motion in the Cause.

## I. Factual Background and Procedural History

Plaintiff and defendant married in 1974 and divorced in 1989. Plaintiff was a member of the United States Coast Guard ("the Coast Guard") and a participant in the Uniformed Services Retirement Program throughout the marriage. The parties divorced prior to the plaintiff's retirement from the Coast Guard. Upon divorce, the parties voluntarily entered into an agreement for the distribution of the marital property, which agreement was adopted by the trial court and incorporated into a Consent Order entered 17 July 1990. By the terms of the Consent Order, defendant became entitled to "[o]ne-half of the Plaintiff's pension accumulated [during the marriage]."

Eight years later, in 1998, plaintiff retired from the Coast Guard and the trial court, upon defendant's motion, entered an Amended Qualifying Order ("the 1998 Qualifying Order") providing that defendant was entitled to receive the designated monthly benefits directly from the Plan Administrator. Defendant began to receive one-half of plaintiff's retired pay accumulated during the marriage, or $429.28 (later increased to $465.00 as a result of a "cost of living increase"). This amount was approximately twenty-nine percent (29%) of plaintiff's total monthly retired pay.

In April 1998, plaintiff was hospitalized for depression. Plaintiff applied for disability benefits, and, in 1999, the Veteran's Administration ("the VA") determined that plaintiff had suffered a disability as a result of his service. The VA awarded plaintiff disability benefits, which benefits, unlike retired pay, are tax free income. In order to receive these disability benefits, however, plaintiff was required to waive a corresponding amount of his retired pay. *See* 38 U.S.C. § 5305 (1998). In other words, plaintiff continued to receive the same overall amount of benefits, but one portion was classified as non-taxable disability benefits while the remainder was classified as taxable retired pay. Although defendant continued to receive one-half of plaintiff's retired pay accumulated during the marriage, she did not receive any portion of plaintiff's disability benefits. Thus, the actual amount she received decreased significantly because the amount of benefits classified as retired pay decreased. According to defendant, she began to receive only approximately fifteen percent (15%) of plaintiff's total

benefits (or $236.09 per month), as compared to twenty-nine (29%) (or $465.00 per month). In short, plaintiff unilaterally acted so as to diminish defendant's share of plaintiff's monthly benefits while simultaneously maintaining his own monthly benefits, as well as increasing his after-tax income.

In 2001, defendant filed two motions: (1) a Motion in the Cause, and (2) a Motion Pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. By her Motion in the Cause, defendant requested that the trial court enter a Second Amended Qualifying Order (modifying the 1998 Qualifying Order) requiring plaintiff to pay to defendant an increased percentage of plaintiff's retired pay. Defendant also sought reimbursement for the loss of benefits she incurred over the preceding twenty months since the date plaintiff started receiving disability benefits. Defendant's Motion Pursuant to Rule 60 similarly sought an amendment of the 1998 Qualifying Order to increase defendant's share of plaintiff's retired pay, and "such other and further relief as to the Court may seem just and proper."

In March and April of 2001, the trial court denied defendant's motions in two separate orders. In these two orders, the trial court found as fact that: since applying for disability benefits, plaintiff has been employed in various capacities, including a position with the Coast Guard at a salary of $44,000 per year; since determining that plaintiff had suffered a disability, the VA had not reviewed plaintiff's disability; and plaintiff was not currently taking medication for depression and had not seen a psychologist or psychiatrist in six months. The trial court also found that defendant's share of plaintiff's benefits had been reduced from $459.28 to $236.09 per month as a result of plaintiff waiving a portion of his retired pay in order to receive disability benefits. However, in both orders, the trial court concluded as a matter of law that it was without authority to address the issues raised by defendant because "[f]ederal law continues to preempt state law on the issue of dividing upon divorce military retirement pay that has been waived to receive disability benefits." In response to defendant's Motion Pursuant to Rule 60, the court also stated: "This Court declines Defendant's request to set aside the 1990 Consent Order with regard to equitable distribution . . . ." Defendant appeals the denial of both motions.

## II. Analysis

[1] We first briefly address defendant's Motion Pursuant to Rule 60 because we believe this motion must be denied on procedural

grounds. Rule 60(b) of the North Carolina Rules of Civil Procedure ("Rule 60(b)") allows a court to "relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2001). Defendant's Motion Pursuant to Rule 60 does not seek *relief* from the 1998 Qualifying Order; rather, the motion expressly requests a modification or an amendment of the 1998 Qualifying Order. Thus, defendant's motion pursuant to Rule 60(b) was improper. *See Coleman v. Arnette*, 48 N.C. App. 733, 269 S.E.2d 755 (1980) (holding that a motion to amend a divorce judgment was not properly made pursuant to Rule 60(b)(6) because the movant sought to amend the judgment rather than to be relieved of the judgment). For this reason, we affirm the trial court's denial of the Motion Pursuant to Rule 60.[1]

[2] As to defendant's Motion in the Cause, defendant specifically requested that the trial court enter a modified or amended Qualifying Order increasing defendant's percentage of plaintiff's retired pay "for as long as the pension remains reduced due to a disability payment." As noted above, the trial court concluded it was without authority to address the issues raised by defendant in her motions. We review the trial court's conclusion of law *de novo*. *See, e.g., Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 513 S.E.2d 572 (1999). We hold that the trial court's conclusion of law constitutes reversible error.

"[D]omestic relations are preeminently matters of state law," and "Congress, when it passes general legislation, rarely intends to displace state authority in this area." *Mansell*, 490 U.S. at 587, 104

---

1. Defendant does not argue that she is entitled to one-half of plaintiff's total retirement benefits (including his disability benefits) pursuant to the contract between the parties regarding distribution of the marital property (as incorporated into the 1990 Consent Order). However, we note that the holding in *Mansell v. Mansell*, 490 U.S. 581, 104 L. Ed. 2d 675 (1989), does not prohibit military spouses from contracting away their disability benefits. *Mansell* held only that state courts could not treat veterans' disability pay as marital or community property; the Court did not consider whether such disability benefits could be divided and distributed to a former spouse pursuant to a contract entered into between the parties. *See Mansell*, 490 U.S. at 587, 104 L. Ed. 2d at 684 n.6; *see also, In re MacMeeken*, 117 B.R. 642, 647 n.2 (D. Kan. 1990); *In re Marriage of Stone*, 908 P.2d 670, 673 (Mont. 1995); *Hoskins v. Skojec*, 696 N.Y.S.2d 303, 305 (N.Y. App. Div. 1999); *Price v. Price*, 480 S.E.2d 92, 93 (S.C. Ct. App. 1996); *McLellan v. McLellan*, 533 S.E.2d 635, 638 (Va. Ct. App. 2000). In fact, on remand, the California Court of Appeals held that the parties could agree to treat the husband's gross retirement pay as community property (even though, under *Mansell*, the trial court itself could not do so), and that the court could enforce this agreement between the parties. *See In re Marriage of Mansell*, 217 Cal. App. 3d 219, 265 Cal. Rptr. 227 (1989). Significantly, the United States Supreme Court denied petitions for *certiorari* and *mandamus* to review this holding. *See Mansell v. Mansell*, 498 U.S. 806, 112 L. Ed. 2d 197 (1990).

WHITE v. WHITE

[152 N.C. App. 588 (2002)]

L. Ed. 2d at 684. As a result, federal preemption in domestic relations law is only found in the rare instances where Congress has " ' "positively required by direct enactment" ' " that state law be preempted. *Id.* (citations omitted).

The federal Uniformed Services Former Spouses' Protection Act ("FSPA") permits state courts to treat all "disposable retired pay" as divisible marital property. *See* 10 U.S.C. § 1408(c)(1) (1998); *Bishop v. Bishop*, 113 N.C. App. 725, 733, 440 S.E.2d 591, 597 (1994). However, the FSPA defines "disposable retired pay" to expressly exclude military retirement pay waived to receive a corresponding amount of VA disability benefits pursuant to Title 38 of the United States Code, or military disability retirement pay pursuant to Chapter 61 of Title 10. *See* 10 U.S.C. § 1408(a)(4) (1998); *Bishop*, 113 N.C. App. at 733-34, 440 S.E.2d at 597.[2] In *Mansell*, faced with "one of those rare instances where Congress has directly and specifically legislated in the area of domestic relations," *Mansell*, 490 U.S. at 587, 104 L. Ed. 2d at 684, the Supreme Court held that the FSPA "does not grant state courts the power to treat as [marital property] military retirement pay that has been waived to receive veterans['] disability benefits." *Mansell*, 490 U.S. at 594-95, 104 L. Ed. 2d at 689.

Apparently, the trial court here interpreted this prohibition, which is based upon the doctrine of federal preemption, so broadly that it concluded it was without authority to address the issues raised in defendant's motions. However, the holding in *Mansell* was actually quite narrow. Pursuant to *Mansell*, a state court may not "treat as [marital property] military retirement pay that has been waived to receive veterans['] disability benefits." *Mansell*, 490 U.S. at 595, 104 L. Ed. 2d at 689.

Here, defendant was not seeking to have the trial court treat plaintiff's disability benefits as divisible marital property. Rather, defendant merely sought a modification, or amendment, of the 1998 Qualifying Order, providing that defendant is entitled to an increased percentage of plaintiff's retired pay. We see no reason why the trial court would be without authority to consider defendant's request for a modification, or amendment, of the 1998 Qualifying Order. The FSPA expressly contemplates that orders from state courts requesting direct payment to former spouses may be modified if they are from the same state as the original order. *See* 10 U.S.C. § 1408(d)

---

2. Veterans often choose to waive a portion of their retired pay to receive an equal amount of disability benefits because disability benefits are not taxable as income. *See* 38 U.S.C. § 5301(a) (1998); *Mansell*, 490 U.S. at 583-84, 104 L. Ed. 2d at 682.

(1998). Furthermore, the 1998 Qualifying Order itself expressly provides that it "shall remain in effect until further Order of the Court."

For these reasons, we hold that the trial court has authority to address the issues raised by defendant in her Motion in the Cause. Specifically, the trial court has authority to address the issue of whether defendant, as a result of plaintiff's waiver of a portion of his retired pay in order to receive disability benefits, is entitled to a modification of the 1998 Qualifying Order in order to effectuate the terms of the original 1990 Consent Order providing that defendant is entitled to "[o]ne-half of the Plaintiff's pension accumulated [during the marriage]."

The dissent contends that we have overstepped the parameters of the issues raised by defendant in her Motion in the Cause and on appeal by addressing "the issue of whether the defendant should be allowed to thwart the spirit of *Mansell* to have the court reconfigure her percentage to give her the same benefit she would have obtained if plaintiff had not elected to receive disability benefits." The dissent's concern is misplaced for two reasons. First, the issue addressed herein—whether the trial court has authority to amend a qualifying order to increase one spouse's share of the other spouse's retired pay—is precisely the issue raised by defendant in her Motion in the Cause and on appeal. In addition, the relief defendant seeks is not contrary to the "spirit" of *Mansell*. As numerous courts, including this Court, have previously noted, neither *Mansell* nor the FSPA prohibits a state court from considering a former spouse's federal disability payments (replacing a corresponding amount of retired pay) when configuring the distribution of marital property upon divorce. *See, e.g., Bishop*, 113 N.C. App. at 734, 440 S.E.2d at 597 (citing *Clauson v. Clauson*, 831 P.2d 1257, 1263 (Alaska 1992)). Likewise, we believe neither *Mansell* nor the FSPA prohibits a state court from amending a qualifying order to increase a non-military spouse's share of a military spouse's retirement pay where the military spouse has, subsequent to the original qualifying order, elected to receive disability benefits in place of retired pay.

In summary, we affirm the trial court's denial of defendant's Motion Pursuant to Rule 60. However, we reverse the denial of defendant's Motion in the Cause and remand to the trial court.

Affirmed in part, reversed in part, and remanded.

**WHITE v. WHITE**

[152 N.C. App. 588 (2002)]

Judge THOMAS concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

I dissent from the majority opinion because the issue addressed by the majority regarding the defendant's Motion in the Cause was not presented by either the Motion in the Cause, or by the defendant's appeal to this Court. The majority invites this issue by stating, "defendant specifically requested that the trial court enter a modified or amended Qualifying Order increasing defendant's percentage of plaintiff's retired pay 'for as long as the pension remains reduced due to a disability payment.' " Having set the stage with this introduction, the majority inferentially states that "defendant was not seeking to have the trial court treat plaintiff's disability benefits as divisible marital property. Rather, defendant merely sought a modification, or amendment, of the 1998 Qualifying Order, providing that defendant is entitled to an increased percentage of plaintiff's retired pay."

In fact, defendant's Motion in the Cause, appended to this dissent, sought to enforce the Consent Order and agreement of the parties that defendant would receive "[o]ne-half of any and all pension benefits accumulated [during the marriage]" which amounted to 29.4% of plaintiff's retirement benefits. Defendant alleged that the election by the plaintiff to receive disability benefits altered her percentage from 29.4% to 15%. Thus, defendant contended the plaintiff's disability benefits "come from the same source and the disability benefits are in actuality retirement benefits the Court had previously assigned to Defendant and to which the Defendant should be entitled." In other words, defendant's motion was based upon the contention that, under the Consent Order she is entitled to one-half of all of plaintiff's benefits, including his retired pay benefits *and* his disability benefits. Accordingly, defendant sought to have the trial court, "Require the Plaintiff to restore to the Defendant her full pension benefit by increasing her percentage of the reduced pension benefit from 29.4% to 57.0% . . . ." In essence, defendant sought an increase in benefits that would have the same effect as treating the disability benefits as marital property which is prohibited by *Mansell v. Mansell*, 490 U.S. 581, 104 L. Ed. 2d 675 (1989).

Recognizing defendant's veiled attempt to thwart the plain language of the statutory and case law, Judge Corpening correctly con-

cluded that, "Federal law continues to preempt state law on the issue of dividing upon divorce military retirement pay that has been waived to receive disability benefits."

It is further significant to point out that in this appeal, defendant presents only two issues for our consideration.

First, defendant contends that the trial court erred by failing to find that plaintiff was not disabled and therefore was not entitled to received disability income. Defendant argues that

By the unilateral actions of the Plaintiff in converting retirement pay into disability benefits after a portion of the retirement pay was awarded to the Defendant, the Uniformed Services Former Spouses' Protection Act (USFSPA) has become a hindrance to Defendant in obtaining what is legally hers. In order to correct this inequity, the Defendant moved the trial court, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, to use its authority under state law, without running afoul of the Supremacy Clause, to reapportion an equitable distribution of the parties' marital property based on the Plaintiff's post dissolution acts.

Second, defendant contends that the trial court erred by failing to make findings that she is entitled to an unequal distribution of plaintiff's remaining pension income. In support of this contention, defendant argues:

The force of the federal preemption should not extend so as to preclude the state courts from awarding the Defendant fifty-percent (50%) of the Plaintiff's military retirement pay out of assets he has other than his VA disability benefits. It would be consistent with both North Carolina law and the USFSPA for the trial court to consider the VA benefits received by the Plaintiff as a distributional factor in awarding the Defendant an unequal division in her favor, using assets other than the VA benefits themselves.

No argument is made by either party concerning the issue of whether the defendant should be allowed to thwart the spirit of *Mansell* to have the court reconfigure her percentage to give her the same benefit she would have obtained if plaintiff had not elected to receive disability benefits. Likewise, the issue of whether *Mansell* prohibits military spouses from contracting away their disability benefits is not presented by this appeal and remains for another day.

**WHITE v. WHITE**

[152 N.C. App. 588 (2002)]

In sum, while the issue addressed by the majority may indeed be an interesting issue to resolve, it is not presented at all by this appeal. I, therefore, dissent from the decision of the majority to reverse the trial court's order on that basis.

### APPENDIX

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | DISTRICT COURT DIVISION |
| COUNTY OF NEW HANOVER | 89 CVD 1214 |

DAVID W. WHITE
    Plaintiff,
        v.                                    MOTION IN THE CAUSE
KATHY H. WHITE,
    Defendant

NOW COMES the Defendant, and moves this Court for an Order requiring the Plaintiff to pay to the Defendant the full amount of pension benefits she would have been entitled to, except for the unilateral actions of the Plaintiff, and in support thereof shows the Court as follows:

1. That on or about the 17th day of July, 1990 the parties entered into a Consent Order with regard to the issue of equitable distribution.

2. Pursuant to that Consent Order the Defendant was to be granted one-half of any and all pension benefits accumulated during the course of the marriage.

3. That on or about the 22nd day of May, 1998 a Qualified Domestic Relations Order was entered in this matter providing that the Defendant would receive one-half of the Plaintiff's United States Coast Guard pension benefits which were accumulated during the course of the marriage. The Defendant's portion amounts to 29.4% of the Plaintiff's entire pension benefit.

4. When the Order was entered and accepted by the U. S. Coast Guard, Plaintiff's Disposable Retired Pay became $1,582.17, after the survivor's benefit charge was applied. Plaintiff's share was $1,102.89 and Defendant's share was $429.28. A cost of living increase later raised Defendant's share to $465.00

5. After receiving notice that the Defendant would begin receiving a portion of his retirement benefits, the Plaintiff, without the knowledge or approval of the Defendant, made application to have a portion of his benefits converted to "disability benefits". This request

was granted and thereafter the disability benefits were paid to Plaintiff and the total amount of the disability payment was subtracted from the pension before it was divided between the two parties. As a result of the Plaintiff's actions, the Defendant's monthly benefit was reduced by $223.19 from $459.28 to $236.09 per month, while Plaintiff's benefits of pension plus disability payment increased by the same amount. This altered the percentage division from 71% for Plaintiff and 29% for Defendant to 85% for Plaintiff and 15% for Defendant. The actions on behalf of the Plaintiff were done for the sole purpose of reducing the benefits to which the Defendant was entitled, and increasing the Plaintiff's portion of a benefit that had already been fairly divided by the Court.

6. That these benfits come from the same source and the disability benefits are in actuality retirement benefits the Court had previously assigned to Defendant and to which the Defendant should still be entitled.

WHEREFORE the Defendant prays this Court for an Order to do the following:

a. Require the Plaintiff to restore the Defendant her full pension benefit by increasing her percentage of the reduced pension benefit from 29.4% to 57.0% for as long as the pension remains reduced due to a disability payment, and to secure this benefit with a Second Amended Qualifying Order for Uniformed Services Retirement System Military Retired Pay, to be prepared by Defendant's attorney.

b. Require the Plaintiff to reimburse Defendant, within sixty days of the date of the Order, for the twenty months that her portion of the pension has been reduced, in the amount of $4,463.80.

c. Such other and further relief as to the Court may seem just and proper.

This the ___ day of January, 2000.

LEA, CLYBURN & RHINE

(s) JAMES W. LEA, III
JAMES W. LEA, III
State Bar No. 9323
Attorney for Defendant
314 Walnut Street, Suite 1000
Wilmington, NC 28401
(910) 772-9960