■ CHRISTINE McCABE, Respondent, v CHRISTOPHER O'ROURKE, Appellant. [757 NYS2d 753] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about September 24, 2002, which denied defendant's motion to restore the action to the trial calendar, unanimously affirmed, without costs.

It appears that after the parties consented on the record to the entry of divorce judgment incorporating their separation agreement, circumstances changed so as to make inappropriate the agreement's joint custody provision insofar as it provided that the child's primary residence was to be with plaintiff. It further appears that before signing the judgment of divorce incorporating the separation agreement, Supreme Court ascertained that plaintiff agreed that the child's primary residence should be with defendant and that defendant's desire to reopen the custody issue, i.e., to be given full custody, stemmed not from any concerns over plaintiff's parenting abilities but from a disagreement relating only to child support. Under the circumstances, the court appropriately enforced a core provision of the separation agreement by giving the parties joint custody with the child's primary residence to be with defendant and referring the issue of child support to a Special

Referee. Nothing in the record suggests that the separation agreement is unfair or was the product of duress, overreaching or fraud, or that defendant, who throughout has acted without an attorney, was denied any right to a trial of any contested issues or other due process (*see Bonem v Garriott*, 159 AD2d 206, 207 [1990]). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.