**BLACK v. BLACK**

[174 N.C. App. 361 (2005)]

━━━━━━━━━━━

DARYL J. BLACK, Plaintiff v. SHELLY L. BLACK (now Hewett), Defendant

No. COA05-44

(Filed 1 November 2005)

**Child Custody, Support, and Visitation; Civil Procedure— Rule 60(b)(6)—motion to amend effect of order—motion for relief from order**

The trial court erred by granting a motion to amend the parties' child custody order pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6), and the original custody order of 28 November 2001 remains in effect, because: (1) Rule 60(b)(6) allows a trial court to grant relief from a judgment or order for any other reason justifying relief from the operation of the judgment; (2) rather than seeking to be relieved of the effect of the 28 November 2001 custody order, plaintiff sought to amend the effect of that order to reduce defendant's weeknight visitation privilege; and (3) by the terms of the trial court's Order Allowing Amendment to Custody Order, the trial court amended the decretal portion of the 28 November 2001 order, rather than relieving the plaintiff of its provisions.

Appeal by defendant from order entered 15 September 2004 by Judge J. H. Corpening, II, in New Hanover County District Court. Heard in the Court of Appeals 17 October 2005.

*No brief filed for plaintiff-appellee.*

*Virginia R. Hager for defendant-appellant.*

MARTIN, Chief Judge.

On 28 November 2001 the trial court entered a written custody order granting plaintiff primary custody, and defendant visitation, of the couple's then two-year-old child. The order also established a visitation schedule, including, *inter alia*, the provision at issue in this appeal:

> **Weekday Visitation:** Plaintiff shall transport the minor child to Defendant's house at 6:00 p.m. each Wednesday and Defendant shall exercise visitation that night and return the child to day care on Thursday morning.

On 23 August 2004, defendant filed a motion to show cause, alleging, among other things, that plaintiff violated the existing custody order by denying defendant her Wednesday night visitation on 18 August 2004, and notifying her of his intent "to stop the Wednesday overnight visits because the child had begun Kindergarten." In response to defendant's motion, plaintiff filed a "Motion To Amend Order" seeking to amend the 28 November 2001 order to comply with the trial court's oral decree made at the 5 November hearing. At the conclusion of that hearing, the trial court stated, "I'm going to follow the same visitation schedule as is set out in the temporary custody order, with a couple of exceptions. I'm going to add one overnight during the week until the child starts kindergarten . . . ." The trial court then instructed plaintiff's counsel to "draw it and show it to" defendant's counsel. However, the written custody order, as prepared by plaintiff's counsel, contained no language concerning cessation of the weeknight overnights when the child began kindergarten.

Plaintiff's motion was heard 10 September 2004. The trial court allowed the motion, citing N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), and amended the order to provide that defendant would be allowed visitation on Wednesday nights from 5:30 p.m. to 8:00 p.m., rather than overnight. Defendant appeals.

Defendant argues the trial court erred by granting the motion to amend the custody order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2003). We agree.

Plaintiff's "Motion To Amend [the 28 November 2001] Order" did not specify the rule of Civil Procedure under which he sought relief. *See Home Health and Hospice Care, Inc. v. Meyer*, 88 N.C. App. 257, 262, 362 S.E.2d 870, 872 (1987) (while failure to give rule number pursuant to which motion is made is not fatal, to do so would

**LEANDRO v. STATE OF NORTH CAROLINA**

[122 N.C. App. 1 (1996)]

be of great benefit to both trial and appellate courts). Thus, we must first determine whether the relief sought by plaintiff was available under any rule.

N.C. Gen. Stat. § 1A-1, Rule 59(e) (2003) permits the amendment of final judgments or orders upon motion filed within 10 days after entry of the judgment or order sought to be amended. Since plaintiff's motion was not filed for nearly three years after entry of the 28 November 2001 order, relief was not available under Rule 59.

N.C. Gen. Stat. § 1A-1, Rule 60(a) provides for the correction of clerical errors by the trial court at any time. However, the trial court has no authority, under the guise of correction of a clerical error, to make modifications to an order or judgment which affect the substantive rights of any party. *Spencer v. Spencer*, 156 N.C. App. 1, 11, 575 S.E.2d 780, 786 (2003); *Buncombe County ex rel. Andres v. Newburn*, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784, *disc. review denied*, 335 N.C. 236, 439 S.E.2d 143 (1993) (amending written order to add findings announced in open court was more than correction of a clerical error, because it affected the parties' substantive rights).

Thus, although plaintiff's motion was captioned as one to "amend" the 28 November 2001 order, the motion to amend was not timely under Rule 59, and there was no clerical error to be corrected under Rule 60(a). Therefore, the trial court treated it as a motion for relief from that order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). In so doing, the trial court misconstrued Rule 60(b)(6), which allows a trial court to grant relief from a judgment or order for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6).

Here, rather than seeking to be *relieved* of the effect of the 28 November 2001 custody order, plaintiff sought to *amend* the effect of that order to reduce defendant's weeknight visitation privilege. By the terms of the trial court's "Order Allowing Amendment to Custody Order," the trial court "amended" the decretal portion of the 28 November 2001 order, rather than relieving the plaintiff of its provisions. *See White v. White*, 152 N.C. App. 588, 592, 568 S.E.2d 283, 285 (2002), *aff'd*, 357 N.C. 153, 579 S.E.2d 248 (2003) (affirming trial court's denial of a Rule 60(b) motion which did not seek relief, but expressly requested "a modification or an amendment" of the prior order). The trial court erred in considering the motion as one for relief made under Rule 60(b)(6) and in granting it. *Coleman v. Arnette*, 48 N.C. App. 733, 735, 269 S.E.2d 755, 756 (1980). The

**BLACK v. BLACK**

[174 N.C. App. 361 (2005)]

"Order Allowing Amendment to Custody Order" is vacated and the original custody order of 28 November 2001 remains in effect. In view of our holding, we need not address defendant's remaining arguments.

Vacated.

Judges HUNTER and STEELMAN concur.