0726

Julian D. MICHEL, Respondent v. Cornelia F. MICHEL, Appellant.
(345 S. E. (2d) 730)

Court of Appeals

*Robert N. Rosen,* Charleston, *for appellant.*

*Hans F. Paul,* North Charleston, *for respondent.*

Heard April 24, 1986.

Decided May 27, 1986.

CURETON, Judge:

In this domestic action, the sole question presented is whether a family court judge may vacate his prior order approving a settlement agreement when he discovers some two years later that the agreement was unfair to one of the parties. We reverse.

The parties separated in March 1982 after having been married only eighteen months. At the time of separation, the appellant wife contemplated filing an action either individually, or on behalf of her daughter, against the respondent husband for an alleged sexual battery against her daughter.[1] The wife agreed not to file the suit if a settlement could be reached in their domestic affairs. As a result, the couple entered into an agreement whereby the husband agreed to pay the wife the sum of Forty-two Thousand Five Hundred Dollars ($42,500) for which the wife would release the husband from all future claims for support, alimony and equitable distribution. The agreement made no reference to the daughter's battery claim. The daughter executed a separate release stating a consideration paid by the husband of One Dollar ($1). The settlement agreement was approved by the family court on September 24, 1982. Thereafter, a divorce decree was issued by the court on May 17, 1983 which simply referred to the settlement agreement.

---

[1] A complaint was prepared by her attorney, but it was neither served nor filed.

Subsequent to the divorce, the husband learned that the wife discussed the alleged sexual battery with several persons in what he perceived to be a violation of the purpose of the agreement, which was to protect his reputation. The husband commenced the instant action in June 1983 to have the agreement declared void on the ground that the wife had obtained his consent to the agreement through fraud, deceit and coercion. He asserted that the wife falsely represented that she and the daughter had causes of action against him for sexual battery. At trial, the husband admitted that his sole complaint against the wife concerned her publication of the alleged sexual battery. The trial judge found that the wife had discussed the battery charge after the settlement, but stopped after being told to do so. The agreement contained no prohibition against the wife's publishing the terms of the settlement or discussing the sexual battery.

The trial judge found the daughter's cause of action crucial to both the negotiations and the final settlement reached by the parties. The settlement agreement provided that the husband would pay the sum of Twelve Thousand Five Hundred Dollars ($12,500) at the time of execution, with Two Thousand Five Hundred Dollars ($2,500) of the sum going to the wife's legal fees, and the remainder to be paid in three annual installments. The husband paid the initial sum, but refused to pay the remaining installments.

The trial judge concluded that had he known the facts surrounding the settlement agreement, he would have disapproved it. He further concluded that he had failed to discharge his responsibilities because he did not follow the requisite procedures in approving the agreement. He found that while his order states that he had found the agreement to be fair, he had, in fact, approved the agreement without holding a hearing, without consulting the attorneys who prepared the agreement, and without receiving testimony from the parties. Further he stated he could not locate financial declarations of the parties in the record. He then vacated his previous order approving the settlement and made the following finding:

> While this action seeks to set aside a written property settlement agreement upon the grounds of fraud, deceit and coercion, I am of the opinion that the more urgent

reason for setting aside the agreement rests on the principles which I addressed above concerning the fairness of the agreement and the failure on my part to apply the requisite procedures in approving the settlement agreement between the parties. I have the power ex mero moto to vacate my order of September 24, 1982 ... and disapprove the said property settlement agreement.

The wife argues on appeal that the trial judge had no authority to vacate his prior order just because he now finds the settlement agreement unfair. We agree. "No authority has been cited for a judge to review his own decrees in this State, and I know of none. The sole remedy of either party who felt aggrieved was an appeal to this Court." *Skinner v. Skinner,* 257 S. C. 544, 550, 186 S. E. (2d) 523, 526 (1972) (Littlejohn, J., concurring). While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment. *Trimmier v. Thompson,* 19 S. C. 247, 252 (1883). Except to correct such clerical errors, a trial judge loses jurisdiction to modify an order at the end of the term during which it is issued. *Whittle v. Multiple Service, Inc.,* 283 S. C. 559, 324 S. E. (2d) 62 (1984). Thereafter, the order is no longer subject to any modification "which involves the exercise of judgment or discretion on the merits of the action," *Doran v. Doran,* _____ S. C. _____ , 343 S. E. (2d) 618 (1986).

We hold that the trial judge's order must also be reversed on the ground that the relief granted went beyond the scope of the pleadings. A court's judgment, whether of law or equity, must conform to both the pleadings and proof, and be in accordance with the theory of action on which pleadings are framed and the case was tried. *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981); *Crocker v. Crocker,* 281 S. C. 154, 314 S. E. (2d) 343 (Ct. App. 1984). Be rendering his decision on a basis not advanced by the pleadings, the trial judge denied the wife the opportunity to defend against the entry of the judgment on the ground on which the order rested.

Reversed.

GARDNER and GOOLSBY, JJ., concur.