480 S.E.2d 92

**Shirley D. PRICE, Respondent,**

v.

**Charles G. PRICE, Jr., Appellant.**

**No. 2605.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 1996.

Decided Dec. 16, 1996.

380

Thomas J. Leclair, of Gergel, Burnette, Nickles, Grant & Leclair, Columbia, for appellant.

Nathaniel Roberson, Columbia, for respondent.

HEARN, Judge:

Charles G. Price, Jr. appeals the trial judge's finding of contempt and order requiring him to continue to pay equitable apportionment payments to his former wife and arrearages. We affirm in part and reverse in part.[1]

## FACTS AND PROCEDURAL HISTORY

Shirley D. Price (Wife) and Charles G. Price, Jr. (Husband) were divorced in February 1994. The divorce decree merged a Complete Property Settlement Agreement, signed by the parties in December 1993. As part of the Agreement, Husband agreed to pay Wife $328 per month from his total military retirement benefits. A portion of this amount included disability pay.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Beginning July 1995, Husband reduced his payments to $128 per month, having waived a portion of his retirement pay in order to receive increased disability pay.[2] Wife then filed a rule to show cause, summons, and complaint, requesting the court to: (1) hold Husband in contempt for failing to comply with the Agreement by failing to make monthly payments, (2) compel Husband to make monthly payments as equitable apportionment of property as required by the Agreement and divorce decree, and (3) require Husband to pay attorney fees and costs. On August 9, 1995, Husband filed his answer and counterclaim, seeking a reduction in the amount of his monthly payments as equitable apportionment of property. He also sought an order requiring the parties to pay their own attorney fees and costs.

At trial, the judge found Husband in contempt for "intentional disregard" of the parties' divorce decree, ordered Husband to resume monthly payments of $328, and ordered Husband to pay arrearages of $800, together with $500 as attorney fees and costs. On appeal, Husband argues the trial judge erred in ordering him to pay Wife as equitable apportionment of property a portion of the monthly military retirement pay he waived in order to receive increased veterans'

2. The Uniformed Services Former Spouses' Protection Act allows retired service members to waive a portion of their retirement pay in order to receive veterans' disability pay. 10 U.S.C.A. § 1408 (West Supp.1995). The Act specifically defines "disposable retired pay" to exclude, *inter alia*, military retirement benefits waived in order to receive veterans' disability payments. § 1408(a)(4)(B). In *Mansell v. Mansell*, the Supreme Court declared that disability benefits may not be equitably divided in a divorce proceeding. 490 U.S. 581, 594–95, 109 S.Ct. 2023, 2031–32, 104 L.Ed.2d 675 (1989). While the Act allows state courts to treat *disposable* retired pay as divisible property, courts do not have the authority to treat *total* retired pay as divisible property. *Id.* at 589, 109 S.Ct. at 2028–29. To the extent former military spouses can receive disposable retired pay, this amount is limited to fifty percent. § 1408(e)(1); *Mansell*, 490 U.S. at 585, 109 S.Ct. at 2026–27.

We note that at the time the parties entered the Agreement in 1993, Husband was receiving gross military retirement benefits of approximately $1,000 monthly. Following his waiver, he continued to receive the same amount of total benefits, although a far greater percentage of these benefits were derived from disability pay. Because disability benefits are exempt from federal, state, and local taxation, military retirees who waive their retirement pay in favor of disability benefits increase their after-tax income. *Mansell*, 490 U.S. at 583–84, 109 S.Ct. at 2025–26.

382

disability pay. Specifically, Husband cites *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), for the proposition that courts do not have the authority to treat as property divisible upon divorce military retirement pay waived in order to receive veterans' disability benefits. We agree, but affirm in part and reverse in part.

## ANALYSIS

Prior to their divorce, the parties signed a Complete Property Settlement Agreement, which merged with the parties' divorce decree. In the Agreement, Husband expressly promised to pay Wife thirty-four percent of the Husband's gross military retirement benefits each month, including any accretions. Husband also expressly agreed to remain "directly responsible" to pay this sum on a monthly basis. The Agreement specifically provided that the provisions could not be modified except in writing, by mutual consent, and with court approval.

The judge who issued the parties' divorce decree held the Agreement to be "fair and equitable" and found both parties well-educated, intelligent, represented by counsel, and understanding of the Agreement's terms. The Agreement was thus incorporated into the court order.

We find the Agreement plainly shows that the parties intended it to be a final settlement of their obligations concerning alimony and property division. Moreover, this Agreement was executed in 1993, well after issuance of the *Mansell* decision.

Except for those matters over which a court retains continuing jurisdiction, terms of a final property settlement agreement, once approved, are binding on the parties and the court. *Moseley v. Mosier,* 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983); *Croom v. Croom,* 305 S.C. 158, 160–61, 406 S.E.2d 381, 382–83 (Ct.App.1991). Here, as in *Croom,* the parties specifically agreed that the Agreement was non-modifiable, except by their mutual consent. Under these circumstances, Husband could not unilaterally deprive Wife of the property granted to her pursuant to the Agreement.

Although the Agreement did not define "gross monthly military retirement pay," the record shows the parties calculated this amount using a figure that included disability pay. While we recognize that *Mansell* does not permit a state court to treat military disability benefits as property subject to equitable distribution, we do not believe the decision can be used by Husband to undermine the Agreement approved by the court. Given the fact that Husband agreed, after *Mansell*, to pay Wife a percentage of his gross monthly military retirement pay, which included disability pay, he should not be permitted to complain that the family court erred in enforcing the terms of the Agreement.

We hold Husband breached his obligations under the Agreement by unilaterally reducing Wife's equitable apportionment of benefits acquired during marriage. Equity does not permit a party to defeat justice by asserting violation of public policy, statute, or illegality of agreement in order to insulate the party from his own wrong. *Chapman v. Citizens and Southern Nat'l Bank of South Carolina,* 302 S.C. 469, 482, 395 S.E.2d 446, 454 (Ct.App.1990). Therefore, we hold that Husband must resume monthly payments of $328 to Wife as her share of equitable apportionment, together with all arrearages and attorney fees.[3] We do not believe, however, that Husband's actions rose to the level of contempt. Accordingly, we reverse that portion of the family court order.

**AFFIRMED IN PART, REVERSED IN PART.**

CONNOR and STILWELL, JJ., concur.

---

**3.** We note that Husband previously made these payments directly and may continue to do so.