OPINION
By the Court,
Shearing, J.:
Appellant Richard Chen argues that the Nevada Gaming Control Board erred by allowing the Monte Carlo Resort & Casino to retain his blackjack winnings of $40,400. Chen contends that the Monte Carlo is unable to show either that it detrimentally relied on Chen’s false passport or that Chen’s *284 misrepresentation was the proximate cause of the Monte Carlo’s damages. We agree.
The facts in this case are not in dispute. Chen, a card counter,[1] entered the Monte Carlo and exchanged $29,000 in cash for casino chips. Monte Carlo personnel asked Chen for identification, and Chen gave them a fictitious Burma passport. Chen played blackjack for several hours, quit, and then returned during the graveyard shift to resume play. At that time, he exchanged another $15,000 in cash for playing chips.
As Chen’s winnings mounted, a Monte Carlo pit supervisor recognized Chen as a card counter. The Monte Carlo terminated Chen’s playing and instructed him to cash in his chips. Chen’s chips totaled $84,400. Again, Monte Carlo staff requested Chen’s identification, and this time they noticed it was false.
An agent of the Nevada Gaming Control Board arrived at the Monte Carlo and spoke with Chen. Chen admitted that the Burma passport was false and revealed his true identity. The agent then instructed the Monte Carlo to provide Chen with a receipt in the amount of $84,400 pending a criminal investigation. Two investigations uncovered no crime, and the agent told the Monte Carlo it could release the full $84,400 to Chen. However, the Monte Carlo only returned $44,000 to Chen, the amount he had exchanged for chips.
Unsatisfied with the investigator’s recommendation, the Monte Carlo filed a petition for reconsideration with the Gaming Control Board. The Monte Carlo’s petition was successful, and the Gaming Control Board denied Chen his $40,400 in winnings. The district court denied Chen’s petition for judicial review. We reverse.

DISCUSSION

While this court shows deference to Gaming Control Board decisions on appeal, we will reverse where the Board’s decision is arbitrary, capricious, or contrary to law. See Redmer v. Barbary Coast Hotel & Casino, 110 Nev. 374, 378, 872 P.2d 341, 378 (1994). In this case, the Board’s decision hinges on whether Chen committed a fraud on the Monte Carlo. To establish fraud, the Monte Carlo must show that Chen provided a false representation of a material fact, which he knew to be false; that Chen intended the Monte Carlo to rely on the misrepresentation; that the Monte Carlo detrimentally relied on the misrepresentation; and that the misrepresentation proximately caused damages. See Lubbe v. *285 Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975). We address the issues of detrimental reliance and proximate cause of damages.
The Monte Carlo did not show either that it detrimentally relied on Chen’s misrepresentation or that Chen’s misrepresentation was the proximate cause for the casino’s damages for two reasons. First, the Monte Carlo requires a patron seeking more than $10,000 in playing chips to present identification only for regulatory compliance rather than to determine whether the patron is a card counter.[2] The Monte Carlo has no policy instructing casino employees to cross-check the patron’s identification with any sources that might identify card counters. Thus, there is no evidence that the Monte Carlo detrimentally relied on Chen’s false passport when it allowed him to play blackjack. Second, Chen’s skill in playing blackjack, rather than his misrepresentation of identity, was the proximate cause of his winnings. The false identification allowed Chen to receive $44,000 in chips, but it did not cause Chen to win. Thus, we hold that the Gaming Control Board’s determination that Chen committed fraud is contrary to law because the Monte Carlo did not establish all of the elements of fraud.
We reverse the order of the district court denying Chen’s petition for judicial review and remand this matter to the district court. On remand, the district court shall grant Chen’s petition and direct the Gaming Control Board to award Chen his $40,400 in blackjack winnings.[3]
Agosti and Leavitt, JJ., concur.

Card counting is a mathematical process which enables the player to achieve better odds when playing blackjack.

Nevada Gaming Regulation 6A requires that gaming patrons present identification and complete a currency transaction report, which is submitted to the Board within fifteen days when more than $10,000 worth of chips is purchased.

The Honorable Robert E. Rose, Chief Justice, and The Honorable Cuff Young, and The Honorable Nancy Becker, Justices, voluntarily recused themselves from the decision of this matter.