THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Gerald Vincent Williams       
Appellant.
 
 
 

Appeal From Chester County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No.  2003-UP-303
Submitted February 20, 2003  Filed 
 May 1, 2003 

VACATED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia; 
 for Appellant.
Deputy Director for Legal Services Teresa A. Knox; Legal Counsel 
 Tommy Evans, Jr.; Legal Counsel J. Benjamin Aplin, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Gerald Vincent Williams appeals 
 the decision of the circuit court denying his pro se motion for relief from 
 judgment under Rule 60(a), SCRCP.  Williams insists the South Carolina Department 
 of Probation, Parole and Pardon Services improperly revoked his parole eligibility.  
 Williams contends the trial judge erred in declining to clarify which version 
 of S.C. Code Ann. § 44-53-370 he was sentenced under.
After a thorough review of the record 
 and Williams pro se brief, we dismiss Williams appeal and vacate [1] the judgment of the circuit court pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities:  Lee v. Thermal 
 Engineering Corp., 352 S.C. 81, 572 S.E.2d 298 (Ct. App. 2002), Rule 60(a), 
 SCRCP (Rule 60(a), SCRCP provides [c]lerical mistakes in judgments, orders 
 or other parts of the record and errors therein arising from oversight or omission 
 may be corrected by the court at any time of its own initiative or on the motion 
 of any party and after such notice, if any, as the court orders.);  Michel 
 v. Michel, 289 S.C. 187, 345 S.E.2d 730 (Ct. App. 1986) (citing Blacks 
 Law Dictionary 252 (6th ed. 1990)) (Generally a clerical error is 
 defined as a mistake in writing or copying.  As applied to judgments and decrees, 
 it is a mistake or omission by a clerk, counsel, judge or printer which is not 
 the result of exercise of judicial function.  While a court may correct mistakes 
 or clerical errors in its own process to make it conform to the record, it cannot 
 change the scope of the judgment.). [2] 
 VACATED.
HEARN, C.J., CURETON and GOOLSBY, JJ., 
 concur.

 
 [1] We decide this case without oral argument pursuant 
 to rule 215, SCACR.

 
 [2] Following the DPPPSs determination that Williams 
 was ineligible for parole under 1990 Act No. 694 § 17 as applied to S.C. Code 
 Ann. § 44-53-370(e), Williams then had the same right to review as the inmate 
 in Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (1999).  In Al-Shabazz, 
 the Court outlined the nature of the review available to inmates raising non-collateral 
 issues that implicate liberty interests; these procedures apply equally to 
 inmates affected by final decisions of the DPPPS that affect the permanent 
 denial of parole eligibility.  See Furtick v. South Carolina Department 
 of Probation, Parole, and Pardon Services, Op. No. 25581 (S.C. Sup. Ct. 
 filed Jan. 13, 2003) (Shearouse Adv. Sh. No. 14 at 73).