PER CURIAM: In this termination of alimony action brought by Appellant 
Larry Hathcock against Respondent Betty Hathcock, Appe

THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wanda S. Murray, Respondent,
v.
James H. Murray, Appellant.
 
 
 

Appeal From Sumter County
 M.D. Myers, Family Court Judge

Unpublished Opinion No.  2004-UP-539
Submitted October 1, 2004  Filed October 
 21, 2004

AFFIRMED

 
 
 
Lohman D. Reiter, II, of Sumter, for Appellant.
G. Murrell Smith, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM:  In this domestic action brought 
 by James Murray (Husband) against ex-wife Wanda Murray (Wife), Husband challenges 
 the family courts refusal to terminate military retirement benefit payments 
 to Wife pursuant to a 1990 divorce degree.  Husband also challenges the award 
 of attorneys fees to Wife.  We affirm. 
 [1] 
Facts           
James and Wanda Murray divorced in 1990 after fourteen 
 years of marriage.  Both parties served in the military and the divorce decree 
 awarded each 30 percent of the others military retirement benefits based on 
 the parties rank and length of service at the time of the 1990 decree.  Applying 
 the 30 percent figure, the court concluded that Husband should pay Wife $318.33 
 per month, plus all cost of living raises. The court also determined the funds 
 paid to Wife were to be deducted from Husbands gross, non-disability retirement 
 benefits.  Husband retired from the United States Air Force in 1999 and the 
 Veterans Administration found Husband to be 60 percent disabled.  At the time 
 of this action, Husband received monthly payments of $1,682.00 for military 
 retirement and $864.00 in disability payments. 
 [2]   
After Husband retired, Wife requested payment in accordance 
 with the 1990 divorce decree and Husband directed her to seek payment from the 
 Defense Finance and Accounting Services (DFAS).  DFAS declined to recognize 
 the divorce decree because it did not include a specific formula required by 
 DFAS to calculate the pay due to Wife.  Wife filed a complaint for payment and, 
 after a hearing, the family court found for the Wife.  Husband filed a motion 
 to reconsider, which the court denied.  This appeal follows.          
Standard of Review
In appeals from the 
 family court, this court has authority to find the facts in accordance with 
 its own view of the preponderance of the evidence. Woodall v. Woodall, 
 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  This broad scope of review, however, 
 does not require us to disregard the findings of the family court.  Stevenson 
 v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).          
LAW/ANALYSIS          

 I.                 
Military Retirement Benefits 
 
Husband argues the family court 
 erred in finding Wife is still entitled to receive a portion of the Husbands 
 military retirement benefits.  We disagree.  
Courts do not have the authority 
 to treat disability benefits as property divisible upon divorce.  Mansell 
 v. Mansell, 490 U.S. 581 (1989).  Husband contends that because his retirement 
 benefits were reduced when he waived his retirement pay to receive disability 
 benefits, Wife should bear the burden of the loss, or alternatively, that the 
 loss should be borne equally.  However, there is no evidence that at the time 
 of the divorce the court factored in whether Husband was entitled to receive 
 any disability benefits in lieu of retirement pay.  The court made its calculation 
 based solely on the amount Husband was then entitled to draw, which represented 
 what the Husband owed to Wife as a portion of the marital property.   
Military retirement benefits 
 accrued during the marriage are subject to equitable division.  Tiffault 
 v. Tiffault, 303 S.C. 391, 401 S.E.2d 157 (1991).  Any retirement pay accrued 
 after the divorce, however, would constitute non-marital property.  Therefore, 
 the divorce decree determined the fixed sum that Husband owed Wife for the time 
 the two spent as husband and wife.  The percentage was to be taken from the 
 amount of retirement Husband had accrued to that point, leaving Wife with a 
 precise figure, explicitly excluding any disability pay from the total sum.  

The divorce decree clearly stated 
 that Wife was entitled to $1,061.00, plus cost of living increases, and further 
 indicated that if the militarys retirement plan administrator failed to pay 
 Wife, the Husband should pay from his personal assets.  Husband voluntarily 
 waived his right to a portion of his earned retirement benefits to receive disability 
 pay and his action should not injure Wife, who had a right to the retirement 
 pay accrued during the marriage.  See Price v. Price, 325 S.C. 
 379, 480 S.E.2d 92 (Ct. App. 1996) (holding husband may not subvert support 
 obligations to his former wife by waiving military retirement pay in favor of 
 disability benefits).  Thus, the trial court properly interpreted the divorce 
 decree awarding Wife a specific sum to be paid from Husbands non-disability 
 retirement benefits.   
 II.              
Attorneys Fees 
 
Husband argues the family court erred in awarding 
 Wife attorneys fees.  We disagree.
An award of attorneys fees will not be overturned 
 absent an abuse of discretion.  Bowers v. Bowers, 349 S.C. 85, 99, 561 
 S.E.2d 610, 617 (Ct. App. 2002).  When determining the amount of fees to award, 
 the court must consider several factors including the beneficial results obtained 
 and the customary legal fees for similar services.  Glasscock v. Glasscock, 
 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  In this case, the family court 
 detailed the rationale for its award in its final order, addressing the applicable 
 Glasscock factors.  Accordingly, the family court did not abuse its discretion 
 in its award of attorneys fees. 
AFFIRMED.
STILWELL, BEATTY and SHORT, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 
 [2] Veterans receiving retirement pay may also apply for disability benefits 
 for a disability obtained from military service.  However, [i]n order to 
 prevent double dipping, a military retiree may receive disability benefits 
 only to the extent that he waives a corresponding amount of his military retirement 
 pay.  Mansell v. Mansell, 490 U.S. 581, 583 (1989).  Military retirees 
 often prefer to waive retirement pay in favor of disability benefits because 
 disability benefits are exempt from taxation.  Id. at 583.