**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph A. Marshall, Appellant,

v.

Carrie C. Marshall, Respondent.

Appellate Case No. 2012-213217

———————————

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-020
Heard December 16, 2013 – Filed January 22, 2014

———————————

**AFFIRMED**

———————————

Leon Edward Green, of Leon E. Green, PC, of Aiken, for Appellant.

Gregory P. Harlow, of Harlow Law Offices, PA, of Aiken, for Respondent.

———————————

**PER CURIAM:** Joseph A. Marshall (Husband) appeals a qualified domestic relations order directing him to transfer to his former wife funds equivalent to half of the present-day value of Husband's pension as of the date of the parties' divorce hearing. Husband argues his compliance with a prior consent order between the

parties satisfied this obligation.  In the alternative, Husband argues the family court should have required the parties to revert to the provisions in their divorce decree regarding equitable distribution.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether Husband's compliance with the prior consent order discharged the obligation at issue: *Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (noting the appellant has the burden of presenting an adequate record on appeal); *Brown v. Brown*, 392 S.C. 615, 620-21, 709 S.E.2d 679, 682 (Ct. App. 2011) ("Matters concerning interpretation and enforcement of the family court's orders are within the family court's discretion."); *McClurg v. Deaton*, 380 S.C. 563, 575, 671 S.E.2d 87, 94 (Ct. App. 2008) ("A party making a motion under Rule 60(b) has the burden of presenting evidence proving the facts essential to entitle him to relief."), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011); *Thomson v. Thomson*, 377 S.C. 613, 625, 661 S.E.2d 130, 136-37 (Ct. App. 2008) (affirming a finding by the family court that was based on information presented by the respondent at trial without objection from the appellant).

2.      As to whether the family court should have required the parties to revert to the divorce decree in dividing the marital property: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (emphasizing that a party "*must* file" a motion pursuant to Rule 59(e), SCRCP, "when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review"); *Se. Hous. Found. v. Smith*, 380 S.C. 621, 634 n.13, 670 S.E.2d 680, 687 n.13 (Ct. App. 2008) (rejecting the argument that a Rule 59(e) motion is appropriate only to alter or amend a "judgment," as opposed to a decision on a Rule 60(b) motion).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**