**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mary L. Howell, Respondent,

v.

Mark E. Howell, Appellant.

Appellate Case No. 2013-002545

———————

Appeal From Berkeley County
Judy L. McMahon, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-263
Heard April 21, 2015 – Filed May 20, 2015

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Joseph P. Cerato, of Charleston, for Appellant.

Michael Ashley Whitsitt, of The Whitsitt Law Firm, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** Mark E. Howell (Husband) appeals the family court's order holding him in contempt. He argues the family court erred in (1) issuing a rule to show cause despite his prior compliance with the court order, (2) modifying a final equitable distribution order, (3) exceeding its authority to enforce the final

equitable distribution order by adding terms to the order, (4) granting relief not requested by Mary L. Howell (Wife) and of which Husband had no notice, and (5) prematurely modifying the equitable distribution order before considering evidence to determine if the parties could comply with the terms of the modification. We affirm in part, reverse in part, and remand.

1. We find the family court did not err in issuing a rule to show cause. During the hearing on the parties' motions to reconsider, Husband stated he was not asking the family court to reconsider its finding of contempt. He further stated, "I'm not arguing that you shouldn't hold him in contempt. I'm not. I'm not arguing any part of the order other than the part that changes the equitable division." Although, on appeal, Husband challenged the contempt finding in his brief, he again stated during oral argument that he was not challenging the family court's finding of contempt but was instead focusing on the issue of the modification of the equitable distribution order.

"An issue conceded in a lower court may not be argued on appeal." *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998); *see also State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (finding because the appellant conceded the trial court's ruling was not prejudicial, he could not later assert on appeal that the ruling denied him a fair trial); *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (finding an issue procedurally barred when the appellants expressly conceded the issue at trial). Because Husband conceded the contempt issue during a hearing before the family court and again on appeal, we find the issue of contempt waived. Thus, we affirm the family court's decision to hold Husband in contempt.

2. We find the family court erred in crafting a civil contempt sanction that modified the parties' equitable distribution order. Generally, the family court has the authority to modify any order issued by the court. S.C. Code Ann. § 63-3-530(A)(25) (2010). However, "the law in South Carolina is exceedingly clear that the family court *does not* have the authority to modify court ordered property divisions." *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997) (emphasis added). Rather, "[t]he [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal." S.C. Code Ann. § 20-3-620(C) (2014). Additionally, "[t]his [s]tate has a long-standing rule that one judge of the same court cannot overrule another." *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013)

In *Brown v. Brown*, this court addressed whether the family court's modification of the property distribution provision of a divorce decree was permissible as a correction of a clerical mistake under Rule 60(a), SCRCP, or whether it altered the substance of the equitable distribution order. 392 S.C. 615, 621-23, 709 S.E.2d 679, 683-84 (Ct. App. 2011). Under the divorce decree, the wife had the option of purchasing the husband's equity in the marital home for $60,191.02. *Id.* at 619, 623, 709 S.E.2d at 681, 683. If she declined to exercise the option, "both the date [the h]usband's equitable share was due and the amount he would receive, up to $60,191.02, remained undetermined and contingent upon the sale of the home." *Id.* at 623, 709 S.E.2d at 683. However, the family court's subsequent order established that the husband was to receive a sum certain of $60,191.02, rather than 32.14% of the net proceeds not to exceed $60,191.02 as required in the divorce decree. *Id.* at 619, 623, 709 S.E.2d at 681, 683. The subsequent order also stated the husband was to receive the payment as of a specified date, rather than receiving his payment when the marital home sold as required in the divorce decree. *Id.* at 619, 623, 709 S.E.2d at 681, 683-84. In reversing the family court's subsequent order, this court found the family court's determination "recharacterized a portion of [the h]usband's award and imposed additional terms upon the parties that did not exist at the time the divorce decree was entered." *Id.* at 622-23, 709 S.E.2d at 683. Additionally, this court held the family court's subsequent order "significantly changed [the] terms, thereby altering the substance and scope of the [divorce decree]." *Id.* at 623, 709 S.E.2d at 683.

In the instant case, Husband and Wife agreed that "[a]t such time as the property may be sold," they would "equally divide the net proceeds derived from any sale." However, the family court later imposed a civil contempt sanction in which Husband was required to pay Wife one-half of the rent collected each month from the apartment complex (Property) as an "advance on her rights of equitable distribution." As in *Brown*, this order materially altered the parties' agreement regarding the equitable division of the Property. Instead of Wife receiving whatever equity remains in the Property upon its sale, as required in the agreement, the contempt order required Husband to pay Wife one-half of the rent collected each month after Husband's payment of the mortgage, taxes, and insurance as an "advance on her rights of equitable distribution." Accordingly, we find the family court improperly modified the equitable distribution order when it imposed the above sanction. *See* S.C. Code Ann. § 20-3-620(C) ("The [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal.").

Furthermore, we disagree with Wife's contention that the family court's order requiring Husband to pay Wife half of the rents could be construed as a remedial award of compensatory damages crafted to purge Husband of his civil contempt for violating Wife's rights. "Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory." *Harris-Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 178, 557 S.E.2d 708, 711 (Ct. App. 2001). "Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order." *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982). "Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders." *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007). "[T]he compensatory award should be limited to the complainant's actual loss." *Curlee*, 277 S.C. at 387, 287 S.E.2d at 920. "Included in the actual loss are the costs in defending and enforcing the court's order, including litigation costs and attorney's fees." *Id.* The complainant bears the burden of demonstrating what amount, if anything, she "is entitled to recover by way of compensation." *Id.*

We find the provision requiring Husband to pay Wife half of the rents cannot be construed as compensatory contempt. An award of compensatory contempt should be used to reimburse Wife for the costs she incurred to force Husband to comply with the court's order and should be the equivalent of Wife's actual damages. *See id.* ("[T]he compensatory award should be limited to the complainant's actual loss."); *Miller*, 375 S.C. at 463, 652 S.E.2d at 764 ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders."). The family court never referred to the division of rent proceeds as compensatory contempt in its order. Instead, it explicitly stated Wife would be receiving these proceeds as an "advance on her rights of equitable distribution" because Wife "has a 50% interest" in the Property and business. We fail to see how giving Wife her portion of the equity in the Property now, rather than when the Property sells as required by the parties' agreement, can be construed as reimbursing Wife for the costs she incurred in bringing the contempt action. Thus, we reverse this portion of the family court's contempt order. While the family court may impose a fine, a public works sentence, or a term of imprisonment on Husband as a contempt sanction, S.C. Code Ann. § 63-3-620 (Supp. 2014), its sanction may not modify the parties' equitable distribution order. Therefore, we remand for the family court to issue an order setting forth a contempt sanction that complies with this opinion.

3.  In light of our reversal of the family court's improper modification of the equitable distribution order, our opinion need not address the merits of the other issues raised on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when the resolution of a prior issue is dispositive).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**