**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hattie Mae Greene, Appellant,

v.

Cindy M. Floyd, Respondent.

Appellate Case No. 2014-002450

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-212
Heard April 13, 2016 – Filed May 11, 2016

**AFFIRMED**

D. Cravens Ravenel, of Baker Ravenel & Bender, LLP,
of Columbia, for Appellant.

M. Dawes Cooke, Jr., Alissa D. Fleming, and Jeffrey
Michael Bogdan, all of Barnwell Whaley Patterson &
Helms, LLC, of Charleston, for Respondent.

**PER CURIAM:** Hattie Mae Greene appeals the trial court's grant of a summary judgment in favor of Cindy Floyd in Greene's legal malpractice action. Floyd

represented Greene in a contested divorce proceeding for the division of marital property.  We affirm.

We find Floyd was not negligent in representing Greene in the divorce and creating an opportunity for a loss of income in her portion of her ex-husband's, Joseph Greene's, retirement pay by not having an indemnification clause included in the support order.  *See Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 282, 701 S.E.2d 742, 745 (2010) ("In order to prevail in a cause of action for legal malpractice, the plaintiff must prove: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) proximate cause of the client's damages by the breach."); *Doe v. Howe*, 367 S.C. 432, 442, 626 S.E.2d 25, 30 (Ct. App. 2005) ("As to damages, the plaintiff must show he or she 'most probably would have been successful in the underlying suit if the attorney had not committed the alleged malpractice.'"); *Mansell v. Mansell*, 490 U.S. 581, 583-84 (1989) (stating a military retiree may receive disability benefits and then must waive a corresponding amount of his military retirement pay); *id*. at 595 (holding the Former Spouses' Protection Act does not grant state courts the power to treat as divisible upon divorce military retirement pay that has been waived to receive disability benefits).  Greene's divorce was contested and the parties had no support agreement for the family court to approve.  *Compare Price v. Price*, 325 S.C. 379, 383, 480 S.E.2d 92, 94 (Ct. App. 1996) (finding that after *Mansell,* when husband agreed to pay wife a percentage of his gross monthly military retirement pay, including disability pay, he should not be permitted to complain that the family court erred in enforcing the agreement) *with Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000) (distinguishing *Price* because the agreement did not include disability pay and the court upheld the agreement).  We agree with the trial court's finding there was no authority for the family court to circumvent *Mansell* by making use of an indemnification clause.

We find no error in the trial court's labeling Greene's expert's supplementary affidavit a "sham" affidavit.  *See Cothran v. Brown*, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004) (setting forth six considerations a court may use to determine if a post-deposition affidavit is a "sham affidavit"); *Harris Teeter*, 390 S.C. at 289, 701 S.E.2d at 749 (finding insufficiency of testimony and submitted post-deposition affidavits used in an attempt to rescue malpractice claims).  We agree with the trial court's finding Greene's expert's opinions fell short of the standard required in order to survive summary judgment.

**AFFIRMED.**

**HUFF, A.C.J., and SHORT and KONDUROS, JJ., concur.**