# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN LEAVITT, F/K/A SUSAN
ABBATANGELO,
Appellant,
vs.
ANTHONY L. ABBATANGELO,
Respondent.

No. 68069

**FILED**

DEC 15 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER PARTIALLY DISMISSING APPEAL AND AFFIRMING IN PART

This is an appeal from two district court orders following a final judgment in a divorce proceeding. This court previously denied a motion to dismiss this appeal for lack of jurisdiction, and denied reconsideration of that order. Our further review of the briefs and record, however, reveals a jurisdictional defect as to the appeal of the order entered on April 1, 2013. Issues of appellate jurisdiction are "on a footing of equal importance with subject-matter jurisdiction," *see* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.5 (2d ed. 2002), and a merits panel may revisit a motion panel's previous jurisdictional determination if upon subsequent review the court is unconvinced it has appellate jurisdiction, *see Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014).

In regard to the 2013 order, this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). Pursuant to NRAP 3A(b)(8), a special order—one

that affects the rights the parties which grow out of the final judgment—is appealable.[1] *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). But, NRAP 4(a)(1) requires a notice of appeal to be filed no later than 30 days after the date the written notice of entry of the order is served. The written notice of entry of the 2013 order was served on April 1, 2013, and appellant's notice of appeal is dated May 18, 2015, over two years after the entry. Thus, the appeal of the 2013 order is untimely, and we are precluded from direct appellate review of that order.

Accordingly, appellant's appeal is limited to the 2015 order; specifically the denial of her NRCP 60(b) motion, the pricing scheme to sell the home, and denial of her request for an evidentiary hearing. Appellant argues that the district court abused its discretion in denying her NRCP 60(b) motion to set aside the 2013 order because that order was based on the fraudulent statements of respondent. A district court's decision to grant or deny a motion to set aside a judgment under NRCP 60(b) "will not be disturbed on appeal absent an abuse of discretion." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993). A fraud claim involves, *inter alia*, "a false representation of a material fact." *Chen v. Nev. State Gaming Control Bd.*, 116 Nev. 282, 284, 994 P.2d 1151, 1152 (2000).

The district court did not abuse its discretion in denying appellant's NRCP 60(b)(3) motion. The 2015 order recognizes that respondent's statements regarding his inability to purchase a home were

---

[1]The final judgment in this case was the 2009 divorce decree, which "adjudicate[s] all of the parties' rights regarding child custody and support, spousal support, and the division of property." *Davidson v. Davidson*, 132 Nev., Adv. Op. 71, 382 P.3d 880, 882 (2016).

not facts that were material to the court's 2013 order. And, the fact that appellant stipulated to the terms of the 2013 order further diminish her claims of fraud, as the district court based the order in part on her stipulation, not respondent's statements.

Appellant maintains that the 2015 order sets sale terms that are outside the scope of the marital agreement and are "commercially unreasonable." The appellant does not cite directly relevant authority in support of either argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider an issue when the party failed "to cogently argue, and present relevant authority, in support of his appellate concerns").[2] And, considered on the merits, neither argument is persuasive. *Brown v. Brown*, 709 S.E.2d 679 (S.C. Ct. App. 2011), is analogous. In that case, the district court's order establishing a pricing scheme for the home's sale "merely enforced the terms of both the divorce decree and the parties' prior agreement." *Id.* at 684. Similarly, appellant here had four years to remove respondent from the loan and title and two years after that to sell the home on her own. In this case, as in *Brown*, the pricing scheme "is a reasonable approach to severing this remaining tie between Husband and Wife." *Id.* Thus, the district court did not abuse its discretion in establishing the declining price plan.

We deny appellant's recent emergency motion. Appellant's emergency motion requests a stay pending this court's resolution of the

---

[2]The same deficiency exists as to appellant's objection to the district court's failure to convene an evidentiary hearing before entering its order.

appeal. This order resolves the appeal, thus a stay is no longer necessary, and the emergency motion is denied as moot.

Finally, we deny respondent's countermotion for sanctions and attorney fees and costs. Appellant's emergency motion was not frivolous nor did it violate NRAP 28(j).

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Cynthia N. Giuliani, District Judge
Hon. Linda Marquis, District Judge, Family Court Division
Law Offices of Kermitt L. Waters
Alan J. Buttell & Associates
The Jimmerson Law Firm, P.C
Eighth District Court Clerk