**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Landry, Appellant,

v.

Angela Landry, Respondent.

Appellate Case No. 2017-001357

————————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

————————

Unpublished Opinion No. 2019-UP-047
Submitted November 1, 2018 – Filed January 30, 2019

————————

**AFFIRMED**

————————

Rhett D. Burney, of Turner and Burney, PC, of
Simpsonville, for Appellant.

Larry Keith Wood, of Larry K. Wood, PA, of Mauldin,
for Respondent.

————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (noting appellate courts review "a family court's evidentiary or procedural rulings . . . using an abuse of discretion standard"); *Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("An abuse of discretion occurs when the order of the

court is controlled by an error of law or whe[n] the order is based on factual findings that are without evidentiary support."); Rule 60(a), SCRCP ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."); *Clark v. Clark*, 423 S.C. 596, 610, 815 S.E.2d 772, 779 (Ct. App. 2018) ("The family court's correction of clerical errors may not extend to 'chang[ing] the scope of the judgment.'" (alteration in original) (quoting *Brown v. Brown*, 392 S.C. 615, 622, 709 S.E.2d 679, 683 (Ct. App. 2011))).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.